UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

**FILED - GR**

June 1, 2020 11:18 AM
CLERK OF COURT
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY:JMW   SCANNED BY

_Brian keith Schwab #1814167_

_703 Ball Ave NE_

_Grand Rapids MI 49503_

(Enter above the full names of all plaintiffs, including prisoner number, in this action.)

v. _Corizon Health, DR. yacoB, Joanne sheerwood, DR_
_flentJe, Michelle young_

**1:20-cv-484**

Janet T. Neff - U.S. District Judge
Ray Kent - U.S. Magistrate Judge

(Enter above the full name of the defendant or defendants in this action.)

## COMPLAINT

I.    **Previous Lawsuits**

**CAUTION: The Prison Litigation Reform Act has resulted in substantial changes in the ability of incarcerated individuals to initiate lawsuits in this and other federal courts without prepayment of the civil action filing fee. Accurate and complete responses are required concerning your litigation history. Generally, a plaintiff's failure to accurately and completely answer the questions set forth below will result in denial of the privilege of proceeding _in forma pauperis_ and require you to pay the entire $400.00 filing fee regardless of whether your complaint is dismissed.**

A.    Have you ever filed a lawsuit while incarcerated or detained in any prison or jail facility?    Yes ☒ No ☐

B.    If your answer to question A was yes, for each lawsuit you have filed you must answer questions 1 through 5 below. Attach additional sheets as necessary to answer questions 1 through 5 below with regard to each lawsuit.

1.    Identify the court in which the lawsuit was filed. If it was a state court, identify the county in which the suit was filed. If the lawsuit was filed in federal court, identify the district within which the lawsuit was filed.

_U.S. District Court western district southern division_

2.    Is the action still pending?    Yes ☒    No ☐

a.    If your answer was no, state precisely how the action was resolved: _____

_____

3.    Did you appeal the decision?    Yes ☐    No ☐

4.    Is the appeal still pending?    Yes ☐    No ☐

a.    If not pending, what was the decision on appeal? _____

_____

5.    Was the previous lawsuit based upon the same or similar facts asserted in this lawsuit?    Yes ☐    No ☒

If so, explain: _____

_____

II. **Place of Present Confinement** _Kent County Correctional facility, 703 Ball Ave NE Grand Rapids MI 49503_

If the place of present confinement is not the place you were confined when the occurrence that is subject of instant lawsuit arose, also list the place you were confined:

_____

III. **Parties**

A.  Plaintiff(s)

Place your name in the first blank and your present address in th e second blank.  Provide the sam e information for any additional plaintiffs.  Attach extra sheets as necessary.

Name of Plaintiff  Brian Schwab

Address   703 Ball cve NE Grand Rapids MI 49503

B.  Defendant(s)

Complete the information requested below for each defendant in this action, including whether you are suing each defendant in an official and/or personal capacity.  If there are more than four defendants, provide the same information for each additional defendant. Attach extra sheets as necessary.

Name of Defendant #1  Corizon Health

Position or Title   Medical provider

Place of Employment  Kent County Jail

Address   703 Ball Ave NE, Grand Rapids MI 49503

Official and/or personal capacity?   official

Name of Defendant #2  DR. yacob

Position or Title   Docter

Place of Employment   Kent County Jail

Address   703 Ball Ave NE Grand Rapids MI 49503

Official and/or personal capacity?   Both

Name of Defendant #3  Joanne sheerwood

Position or Title   Nurse practitioner

Place of Employment   Kent County Jail

Address   703 Ball cve NE Grand Rapids MI 49503

Official and/or personal capacity?   Both

Name of Defendant #4  DR. Plentje

Position or Title   Psychietrist

Place of Employment  Kent county Jail

Address  703 Ball cve NE Grand Rapids MI 49503

Official and/or personal capacity?   Both

Name of Defendant #5  Michelle young

Position or Title   Sheriff

Place of Employment   Kent County

Address   701 Ball cve NE Grand Rapids MI 49503

Official and/or personal capacity?   Both

IV. **Statement of Claim**

State here the **facts** of your case.  Describe how each defendant is personally  involved.  Include als o the names of other persons involved, dates and places.  **Do not give any legal arguments or cite any cases or statutes.**  If you intend to allege a num ber of related claims, number and set forth each claim  in a separate para graph.  Use as m uch space as you need.  Atta ch extra sheets if necessary.

See Attached

(Last Revised: June 2013)

V.  **Relief**

State briefly and precisely what you want the court to do for you.

See attached

_____       _____
**Date**                               **Signature of Plaintiff**
May 16 2020

### NOTICE TO PLAINTIFF(S)

The failure of a *pro se* litigant to keep the court apprised of an address change may be considered cause for dismissal.

-4-                                                        (Last Revised: June 2013)

## FACTS

1. Defendants have a Constitutional obligation to accomodate special diets required for medical reasons. Prison food must be nutritionally adequate[1]. Prison food must be adequate to maintain Health.[2]

2. Defendants primarily serve soy product which causes me severe Constipation.

3. Joanne Sheerwood put me on medication that did not help so she removed me from the medication and placed me on a no soy diet.

4. Corizan Health staff and Michelle young come up with the idea that if you didn't have an alergy to soy you couldn't be on the no soy diet because of the high cost of a no soy diet which is primarily Peanut Butter and Jelly, Noodles or rice and vegetable with Corn tortias with Applesauce. Cheaper then regular food. So they had me removed from My diet saying they would rather give me medication that doesn't work to Cure the severe stomache cramps and Constipation. which they would make me pay money for.

5. This is clearly just Corizan Health and Michelle young erecting a ridiculous policy to Advert them from having to pay to Adequately feed inmates who require a diet. trying to advert cost from themselves and put it on Myself when they are responsable for my food and medical care.

6. This has caused me to suffer with roughly 0-1 Bowel movements a week and Constant cramps and pains. The medication they are giving me keeps to use the Bathroom 1-2 times a week but does nothing for the severe cramps, pain, and discomfert everytime I eat the food they serve Causing me to have to live off bread and vegetables which they dont serve enough to adequately be Nutritional

3. THE WESTERN DISTRICT OF MICHIGAN IS AN APPROPRIATE VENUE UNDER TITLE 28 U.S.C. SECTION 1391(b)(2) BECAUSE IT IS WHERE THE EVENTS GIVING RISE TO THIS CLAIM OCCURED.

C   NOTES TO FACTS

1. Defendant one: facts—
2. Defendant two: facts—
3. Defendant three: facts—
4. Defendant four: facts—
5. Defendant five: facts—

<u>FACTS</u>

7   Courts stated denial of adequate food is a form of "corporal punishment"[3] food that is inadequate in amount, spoiled, or otherwise unhealthy[4] violates the constitution.

8   Joanne sheerwood ordered a blood test to check for soy allergies then charged me for it just to find out theres no soy allergy which she knew would be the result because you cant detect constipation problems by blood.

9   Michelle young's policy's for medical and medical staff namely OR jacob and Joanne sheerwood refuse to allow me to be adequately treated for my medical needs that I have such as denying me extra mattress, tenishoes, and physical therapy for my chronic back problems which is documented or OR fientue denying me my prescribed medication for A.D.H.D. and P.T.S.O. and psychotic disorder claiming michelle young wont authorize them because they are expensive. since when does Health have a price tag.

10   I've notified medical personell of these problems and they repeatedly say the Jail and michelle young wont allow it. Joanne sheerwood has denied me not even trying to get a second mattress, and shoes. They wont even take me for a MRI exam or test to check the back problem there excuse is everyone has back problems in Jail but I showed fresh signs of back and shoulder surgery.

11.   Joanne sheerwood refuses to put in to have me scheduled to have my back surgery done claiming its just a lump of tissue when she dont know that. she claims the ultrasound results says its A Mass and it cant be painfull. Its my body I know its painfull she cant feel what my body feels.

12. Corizon Health, DR yacob, Joanne sheerwood and michelle youngs continueing to cause me severe pain and discomfort by denying me this medical care. Trying to make me pay for Motrin when I explained and have doctors records I was in chronic pain care prior to incarceration and was recieving ① muscle relaxers ② Anti inflamertory's ③ strange pain fills, ④ Back Brace ⑤ Gel insirts for my shoes and continue to deny me these things

13. Joanne sheerwood claims my back pain and Ankles needing support isnt a good enough reason to prescribe my shoes and a extra mattress but theres people all through the Jail that have shoes and extra mattress due to their heavy weight etc. Chronic Back pain and a shattered Ankle are more serious than being obese.

14. Its hard to walk stairs, sit or stand for long periods, sleep efficiently etc. with back pain and discomfort.

15. Michelle youngs policy for medical charge coverage and Corizon Health continue to charge me for services when Im property of the Michigan Dep't of Corrections who pays for their parolees/prisoners. Defendents charged me $7⁰⁰ numerouse times to see the nurse, $12⁰⁰ to see the doctor etc and charging me $7⁰⁰ a week for muscle relaxers which were denied, $7⁰⁰ a week for motrin, $7⁰⁰ for Anti inflametorys, $7⁰⁰ for my prostate medication, $7⁰⁰ for my myrilax etc everytime its filled.

16. This has caused me physical pain, discomfort, mental suffering etc for defendents lack of treating my medical needs, when if they cant provide certain test or treatment inside the facility, then they should seek outside test or treatment." "If A prisoner requires care that is not available in the prison, the failure to obtain it elsewhere may constitute deliberate indifference.⁵ Necessary outside appointments must be provided without excessive delay.⁶ Nor may they deny necessary outside consultation or treatment on grounds of cost.⁷"

FACTS

17   Because I loose my ability to obtain Medical Care when im imprisoned, officers and Medical Personell have a duty to provide Care to me.[8]  Defendants violate the Constitution when they act with deliberate indifference to mine and other inmates serious medical needs.[9]

18   A medical need is serious when it[10] "has been diagnosed by a physician as mandating treatment or is so obvious that even a lay person would easily Recognize the necessity for a doctors attention".[10]  A serious medical need exist when[11] "the failure to treat a prisoners condition could result in further significant injury or the unecessary and wanton infliction of pain"[11].

19   The 8th Amendment to the Constitution gives convicted inmates the right to adequate medical care. The due process Clause of the 14th Amendment gives the same right to pretrial detainees, which Michelle young, DR yacoB, DR Flentye and Joanne sheerwood are denying me a pretrial detainee.

20   Courts have ruled serious medical needs include  stomach pain and abdominal distress[12], substantial back pain[13].

21   I spoke with Joanne sheerwood and DR yacoB about my back pain, my shoes, extra mattress, my Brace, muscle relaxers, Pain meds, my A.D.H.D. Medication, my Current P.T.S.D. medication, my dizzy spells, Blacking out, Being severely cold to the point of numbness etc and all these reports went without being addressed. They simply feel inmates wont be here very long so they can ignore problems and let the next institution or free Society doctors worry about it however I been here at the time of this writing 22 months and got atleast another six months here.

22. A medical official (Joanne Sheerwood) is also responsible for information he/she gets during examination of inmate[14], information from review of medical records[15], other doctors[16], and from inmates family members[17]. which information about my medical needs, symptoms and problems been verbally given to Joanne Sheerwood as well as some of the information in records however she over looks this information and doesn't do Anything to treat the symptoms.

23. According to the supreme court prison officials violate the constitution when they intentionally deny or delay access to medical care, or intentionally interfear with prescribed treatment[18] As Joanne sheerwood, DR yacoB, DR flentie and michelle young have done, After learning about a inmates serious medical need, officials may not simply do nothing[19] As they have done to plaintiff. An official may also be deliberately indifferent if the medical care provided is "so grossly incompetent, inadequate, or excessive" as to shock the conscience or to be intolerable to fundamental fairness,[20] As DR yacoB and Joanne sheerwood has done with plaintiffs medical needs providing medication thats inadequate to treat the symptoms.

24. Jail and prison officials may not interfear with or fail to carry out treatment that a doctor or other medical official has prescribed or ordered[21]. such conduct amounts to deliberate indifference. such as DR yacoB and Joanne sheerwood not carrying out my primary care physicians order for physical therapy and medication. And DR flentie not carrying out the prescribed medication by my psychiatrist.

25. like previously stated due to DR yacob, Joanne sheerwood, and DR flentie's lack of response and lack of treatment plaintiff suffered unecessary pain, discomfort, and symptoms from lack of medication and treatment. Which the physical infliction of unecessary and wanton pain has caused mental and emotional anguish.

_FACTS_

26   DR Plentue's deliberate indifference to serious Mental Health needs violates
the 8[22]th amendment or for pretrial detainees the due process clause.[23] Such
as DR Plentue refusing to Continue prescribed medication that works instead
giving medication that doesnt work Just because its cheaper.

27   A serious mental illness is defined as one "That has caused significant
disruption in an inmates everyday life and which prevents his functioning
in general population without disturbing or endangering others or himself[24].
Such as plaintiff seeing things thats not there, hearing voices, and holding
conversations with dead son whom he sees. This has been reported to
DR Plentue's Nurse with no relief given Just ignored.

28   Mental Health staff called A.O.T. Councelors met with me for 2-5
minutes once a week for the first few months of my incarceration but
never got anywhere because they would always want to talk around
the officers as well as in the open ground other inmates who could hear
our Conversation. Medical and mental health is supposed to be Confidential.
These Councelors who worked with plaintiff have broke Confidentiality
by Refusing to meet in Confidentiality settings.

29   A.O.T. Councelor Caroline would laugh at me and make comments like
"its your own voice" when plaintiff would explain hearing voices
which is a documented Condition of his. She refused to do anything besides
spin plaintiff around not addressing issues Just asking "are you going to hurt
yourself" This is not treating plaintiff or his symptoms.

30. It took multiple referrals and months to get actually on medication. plaintiff finally got caroline to stop and talk and her answer was to throw plaintiff into a camera cell and do nothing else. plaintiff only got that far because he went to court that day and told the Judge the Jail wasn't treating his mental health. The Judge also had to order a psych evaluation.

31. Plaintiff and his mother requested that plaintiff meet with another Counselor than Caroline because she wasn't addressing plaintiff's needs. Plaintiff and his mother told A.O.T. that plaintiff didn't feel comfortable talking personal problems where people could hear so they stopped seeing him and told him to kite when he was ready to talk.

32. DR Plentie refused to put plaintiff on medications that worked for him with the excuse they where hard to get and expensive. Plaintiff explained his psychs tried different medications and combinations and finally found the right dose and combination that worked and DR Plentie was trying to change it and experiment on plaintiff for the lack of wanting to prescribe the medications plaintiff was already taking for years because in his book they where expensive.

33. This has caused plaintiff to be up and down mentally and emotionally due to not having the right combination and medications. Also causing plaintiff irregular sleep patterns as well as inadequate amounts of sleep and DR Plentie said theres nothing he can do because plaintiffs on medication with high doses. obviously its the wrong medication.

34. Inmates have a right to be treated for the loss of dentures.[25] Deliberate indifference to serious Dental needs is unconstitutional.[26] Thus the restoration or extraction of painfull decayed teeth and the making of dentures for patients who need them to eat properly are serious needs[27]. especially when its officers disregard for plaintiffs property that caused the loss of plaintiff's dentures he had already.

*FACTS*

35  officers did a unit shake down and was petty taking things such as Books, trash cans etc. causing me to also have my dentures taken. They claim they didnt take them but no one else was in my cell. michelle young and Dental refuse to get me new dentures causing me to have headaches Bleeding gums, hard time eating etc.

36  Prison officials must provide special diets that are medically necessary.[28] If medical personell order a special diet for an inmate, Jail and Prison officials must carry out the order.[29] Instead in plaintiff's case medical personell had ordered a special diet but the Jail refused to carry out the order for a diet tray on grounds of Cost.

37  A number of decisions have disapproved the denial of Physical therapy to those who require it.[30]  In plaintiffs case DR yacoB and Joanne sheerwood and michelle youngs denial of physical therapy.

38  Plaintiff spoke with Joanne sheerwood and DR yacoB about his need for occupational and physical therapy which plaintiff's doctor and Chronic Pain Clinic both prescribed once he healed from back and shoulder surgery.

39  Corizon Health, Joanne Sheerwood, DR yacoB, and Michelle young refuse to let Plaintiff have things used in physical therapy. Plaintiff even offered to use a rolled up extra towel for certain exercises, to use different size bags of water for weights etc and they said no and the officers stop him and put him on restrictions every time he tries. Plaintiff also used things in physical therapy like medicine Balls, large rubber bands etc that they have denied.

40.  This has caused plaintiff to go with constant discomfort, pain, stiffness, etc. Causing little mobility, Not being able to lay, sit or stand or walk for long periods of time and DR. Jacob and Joanne Sherwood and michelle young even denied plaintiff his back Brace that was made out of Nylon and velcro.

41  Disability under the ADA means (A) a physical or mental impairment that substantially limits one or more of the major life activities of an individual. (B) a record of such impairment.

42.  "Substantially limits" is defined as an impairment that substantially limits one Major life activity, need not limit other major life activities in order to be considered a disability. An impairment that is episodic or in remission is a disability if it would substantially limit a Major life activity, when active.

43  The ADA Amendments Act also redefined Major life activities as follows: Caring for oneself, Performing manual task, seeing, hearing, eating, sleeping, walking, standing, lifting, bending, speaking, breathing, learning, reading, Concentrating, thinking, Communicating, working, the operation of a Major bodily function such as digestive, bowel, bladder, etc.

44  As previously discussed I have Chronic Back problems from two major accidents which interfeers with plaintiffs ability to function fully with caring for oneself, Performing manual task, sleeping, walking, standing, lifting, bending, working.

45  As previously discussed I have mental Health illnesses. I have a learning disability, emotionally impaired, etc that effectively causes me to not care for myself in Personal hygeine, health etc also affecting plaintiff is A.D.H.D. that limits his ability of performing manual task, sleeping, learning, reading, Concentrating, thinking, Communicating, working etc.

_FACTS_

46. Plaintiff has had the whole upper Right side of his shoulder chest, Ribs broke effecting his ability to effectively perform certain Manual task, lifting, working etc especially were it includes strength or lifting above chest level.

47. Plaintiff has problems with major bodily functions such as his bowel problems requireing to be on prescription strength myralax daily, in order to pass bowel movements. Also his requirement to be on prescription Medication to effectively relax the prostate so he can freely urinate as needed.

48. It is Clear As stated Above that Plaintiff is Protected under the Americans disability Act however DR yacob, Joanne sheerwood, DR Plentde and Michelle young refuse to Care for plaintiffs needs.

49. An officer Contacted Corizon health /medical Nurses who Administer the Medication to inmates and for no other reason then to harass plaintiff had instructed to Crush all plaintiffs medication before giving it to him.

50. Medical/Corizon Health ordered Plaintiffs Medications Crushed and to be Placed in Cup of water then given to plaintiff. The officer instructing to have it done as well as the nurses doing it are not doctors or psychiatrist and not Certified to state how or when its safe to administer Medication to Plaintiff. They went against Common sence and Crushed plaintiffs daily medications placing them in water Some of them being 24 hour time release Medication which when Crushed in powder form and placed in water Rapidly administers the whole dose risking plaintiff with overdose.

51   This Caused plaintiff to go into long periods of sleep, and to have sighns of tremors, vomiting, sweating etc. This Continued until plaintiff refused to take his medication like that anymore and said he was Contacting a lawyer and the nurses where going to loose their liscense.

52   Corizon Health Nurses has numerous times failed to show up to bring plaintiff his medication Causing emotional distress etc Resulting in the officers having to Call medical for plaintiffs Medication.

53   Corizon Health Nurses have more then once attempted to administer the wrong medication/dose to plaintiff.

54   Corizon Health and DR fientje has caused mental health problems and discomfort inflicting mental and emotional injury by psychological torture and not adequately medicating/treating Plaintiffs needs etc.

55.   DR fientje, DR yccoB, Joanne sheerwood and Corizon Health Nurses employed at the Kent county Jail are guilty of the wrong of negligence Causing injury for commiting the civil wrong involving the breach of duty to exercise reasonable Care of plaintiffs medical needs.

56   Corizon Health, DR yccoB, Joanne sheerwood, DR fientje and michelle young are guilty of Causing injury with their reckless disregard for plaintiffs medical/mental Health needs.

57   Corizon health, DR yccoB, Joanne sheerwood, DR fientje and michelle young are guilty of violating their "duty to Act" by not taking some action to prevent plaintiffs medical harm making them liable for any harm done by lack of medical help.

FACTS

58   Corizon Health, DR Jacob, Joanne sherwood, OR Prentue and michelle young are guilty of violating their "duty to treat" by violating the health Care obligation to treat a persons injury or illness by not giving plaintiff Prescription and needed medication as well as other items to help ease symptoms and Control pain levels such as Back brace etc

## NOTES TO FACTS

1. Ramos v. Lamm, 639 F.2d 559, 570 (10th Cir. 1980)

2. Keenan v. Hall, 83 F.3d at 1091

3. Cooper v. Sheriff, Lubbock County, Texas, 929 F.2d 1078, 1083-84 (5th Cir. 1981)

4. Nicholson v. Choctaw County, 498 F.Supp. 295, 313 (S.D. Ala. 1980)

5. Kaminsky v. Rosenblum, 929 F.2d 922, 927, (2d Cir. 1991); Morales Feliciano v. Calderon Sierra, 300 F.Supp. 2d 321, 341 (D.P.R. 2004) ("The failure to provide transportation to scheduled specialty Appointments and other therapy" is an example of "interfering with treatment once prescribed" forbidden by the 8th Amendment)

6. Morales Feliciano v. Rossello Gonzalez, 13 F.Supp. 2d 151, 211 (D.P.R. 1998); Casey v. Lewis, 834 F.Supp. 1477, 1546 (D. Ariz. 1993)

7. Monmouth County Correctional Institution Inmates v. Lanzaro, 834 F.2d 326, 336-37, 347 (3d Cir. 1987); Ancata v. Prison Health Services Inc., 769 F.2d 700, 704 (11th Cir. 1985)

8. Deshaney v. Winnebago County, Dep't of Social Servs, 489 U.S. 189, 199-200, 109 S.Ct. 998 (1989); Estelle v. Gamble, 429 U.S. 97, 104, 97 S.Ct. 285 (1976) ("It is but Just that the public be required to care for the prisoner who cannot by reason of the deprivation of his liberty care for himself." (Citations omitted)

9. Estelle v. Gamble, 429 U.S. 97, 97 S.Ct. 285 (1976)

10. Mahan v. Plymouth County, House of Corrections, 64 F.3d 14, 18 (1st Cir. 1995); Kosilek v. Maloney, 221 F.Supp. 2d 156, 181 (D. Mass. 2002); Monmouth County Correctional Institution Inmates v. Lanzaro, 834 F.2d 326, 347 (3d Cir. 1987)

11. Harrison v. Barkley, 219 F.3d 132, 136 (2d Cir. 2000); McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992)

12. Westlake v. Lucas, 537 F.2d 857, 860-61 (6th Cir. 1976)

13. Logan v. Clarke, 119 F.3d 647, 649 (8th Cir. 1997)

14. Green v. Branson, 108 F.3d 1296, 1303 (10th Cir. 1997) (prison doctor was responsible for clear injuries); McElligot v. Foley, 182 F.3d 1248, 1256 (11th Cir. 1999) (inmates nearly constant pain he was having was sufficient to put doctor and nurse on notice of substantial risk)

15. Tramka v. Serrell, 244 F.3d 628, 633 (8th Cir. 2001); Coleman v. Rahija, 114 F.3d 778, 786 (8th Cir. 1997)

16. Greeson v. Kemp, 891 F.2d 829, 831-32 (11th Cir. 1990)

17. Lancaster v. Monroe County, 116 F.3d at 1426-27; Greeson v. Kemp, 891 F.2d at 832-33

18 Estelle v. Gamble, 429 U.S. at 104-05

19 Kersh v. Derozier, 851 F.2d 1509, 1510 (5th Cir. 1988); Murphy v. Walker, 51 F.3d 714, 719 (7th Cir. 1995)

20 Rogers v. Evans, 792 F.2d 1052, 1058 (11th Cir. 1986)

21. Board v. Farnham, 394 F.3d 469, 484 (7th Cir. 2005); Johnson v. Lockhart, 941 F.2d 705, 706-07 (8th Cir. 1991); Gill v. Mooney, 824 F.2d 192, 195-96 (2d Cir. 1987); Washington v. Dugger, 860 F.2d 1018, 1021 (11th Cir. 1988)

22. Gates v. Cook, 376 F.3d 323, 343 (5th Cir. 2004); Dolphite v. Maughon by and through videon, 74 F.3d 1027, 1042-43 (11th Cir. 1996); Smith v. Jenkins, 919 F.2d 90, 92-93 (8th Cir. 1990)

23. Gibson v. County of Washoe, Nev., 290 F.3d 1175, 1187 (9th Cir. 2002); Lawson v. Trowbridge, 153 F.3d 368, 378 (7th Cir. 1998)

24. Tillery v. Owens, 719 F.Supp. 1256, 1286 (W.D. Pa. 1989) aff'd 907 F.2d 418 (3d Cir. 1990)

25. Wynn v. Southward, 251 F.3d 588, 593 (7th Cir. 2001) (denial of dentures resulting in eating difficulty, bleeding, headaches, and disfigurement was serious medical need); Hunt v. Dental Dep't, 865 F.2d 198, 201 (9th Cir. 1989)

26 Board v. Farnham, 394 F.3d 469, 481-82 (7th Cir. 2005); Wynn v. Southward, 251 F.3d 588, 593 (7th Cir. 2001)

27 Dean, 623 F.Supp. at 464; see Hartsfield v. Colburn, 371 F.3d 454, 457 (8th Cir. 2004)

NOTES TO FACTS

28  Sellers v. Henman, 41 F.3d 1100, 1102 (7th Cir. 1594); Morales Feliciano v. Calderon Sierra, 300 F.Supp. 2d 321, 341 (D.P.R. 2004) (failure to provide prescribed diets implicates 8th Amendment Rights)

29  Riddick v. Bass, 586 F. Supp. 881, 883 (E.D. Va. 1984); Balla v. Idaho State Bd. of Corrections, 595 F.supp. 1558, 1574-75 (D. Idaho 1984)

30  Miller v. King, 384 F.3d at 1261-62; Hicks v. Frey, 992 F.2d 1450, 1456-57 (6th Cir. 1993)

D. LEGAL CLAIMS

1. Prisoners are not stripped of constitutional protections at the prison gates, retaining all those rights an ordinary citizen enjoys, except those taken expressly by law, or by necessary implication and not inconsistent with penal objectives.
Bell v. Wolfish, 441 U.S. 520, 99 S.ct. 1800, 60 L.Ed.2d 447 (1979)

2. Exercise is one of the basic human needs protected by the 8th Amendment.
Lemaire v. Mass, 12 F.3d 851 (9th Cir. 1993)

3. Psychological pain can violate the 8th Amendment.
Perkins v. Kansas Dep't of Corr., 165 F.3d 803 (10th Cir. 1999)

4. Nutritionally adequate food must be provided for prisoners.
Trujillo v. Williams, 465 F.3d 1210 (10th Cir. 2006)

5. Prison nurse not entitled to qualified immunity when denying prisoner prescribed treatment because such compliance was not discretionary but ministerial.
Boretti v. Wiscomb, 930 F.2d 1150 (6th Cir. 1991)

6. No qualified immunity for those who willingly violate the law.
Tellier v. Fields, 280 F.3d 69 (2d Cir. 2001)

7. Prisoners are entitled to medical care provided by the government as a fundamental principle under the 8th Amendments Cruel and Unusual Punishment Clause.
Estelle v. Gamble, 429 U.S. 97, 97 S.ct. 285, 50 L.Ed.2d 251 (1976)

8. Prisoners are entitled to necessary mental health treatment.
Ramos v. Lamm, 639 F.2d 559 (10th Cir. 1980)

9. Just as a "serious Medical need" may exist for a physical condition, so may a "serious medical need" exist for a psychological or psychiatric treatment. Domino V. Texas Dept of criminal Justice, 239 F.3d 752 (5th cir, 2001)

10. Employees of private medical company acted under color of state law for purpose of §1983
Walker V. Horn, 385 F.3d 321 (3d cir. 2004)

11. Prisoners are entitled to treatment by medical specialist
Feeney v. Corr. med. servs., inc., 464 F.3d 158 (1st cir. 2006)

12. under the 8th Amendment states have an affirmative duty to provide Medical care to prisoners.
Dickworth v. Ahmad, 532 F.3d 675 (7th cir. 2008)

13. DR yacoB, Joanne Sheerwood, DR Plentje, Corizan Health, and Michelle young are and have been denying plaintiff adequate medical/mental Health treatment. Denying him needed medication, treatment, and necessary Appointments and treatment by a specialist. Denying plaintiff medically needed diet meals claiming cost of food however they feed the kitchen trustees diet food just because their workers.

14. Corizan Health, DR yacoB, Joanne Sheerwood, DR Plentje, and Michelle young are guilty of inhumane treatment, cruel and unusual treatment/punishment, violations to plaintiffs Medical rights etc.

## E. PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF RESPECTFULLY PRAYS THAT THIS COURT ENTER JUDGEMENT FOR PLAINTIFF.

1. Granting plaintiff a declaration that the Acts and omissions described herein violate his rights under the constitution and laws of the united states as well as Tort law

2. Granting plaintiff Compensatory damages in the Amount of $50,000.00 against each defendant Jointly and severely.

3. Granting plaintiff punative damages in the amount of $50,000.00 against each defendant Jointly and severely

4. Plaintiff seeks Jury trial on this claim and all issues triable by Jury

5. Plaintiff also seeks recovery of cost of this suit

6. Any Additional relief this court deems Just, proper, and equitable

DATED: MAY 16 2020

Respectfully submitted

Brian Keith Schwab
#1814167
703 Bell ave NE
Grand Rapids, MI 49503


F. VERIFICATION

    I have read the foregoing Complaint and hereby verify that the matters alleged there in are true, except as to matters alleged on information and belief, and, as to those, I believe them to be true. I certify under penalty of perjury that the foregoing is true and correct.


EXECUTED AT: GRAND RAPIDS MI, on MAY 16 2020

Brian Schwab

Brian Schwab #1814167
703 Ball Ave NE
Grand Rapids MI 49503

This mail originates
from the
Kent County Correctional Facility

UNITED STATES DISTRICT COURT
399 Federal Building
110 Michigan ST. NW
Grand Rapids MI 49503