UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRAIN KEITH SCHWAB,

Plaintiff,

Case No. 1:20-cv-484

Hon. Janet T. Neff

v.

CORIZON HEALTH, *et al.*,

Defendants.
______________________________/

**REPORT AND RECOMMENDATION**

This is a *pro se* civil rights action brought pursuant to 42 U.S.C. § 1983 by Brian Keith Schwab (referred to as "plaintiff" or "Schwab"), a state prisoner incarcerated at a Michigan Department of Corrections (MDOC) facility. This matter is now before the Court on a motion to dismiss as a discovery sanction pursuant to Fed. R. Civ. P. 37(b)(2)(A)(v) filed by defendants Corizon Health, Inc., Nasim Yacob, M.D., Gregory Flentje, M.D., and Joanne Sherwood, N.P. (collectively, the "Corizon Defendants") (ECF No. 52).[1]

**I. Discussion**

On May 4, 2021, the Court ordered Schwab to sign an authorization for release of his MDOC medical records by no later than May 28, 2021, extended the deposition deadline to July 30, 2021, and extended the dispositive motion deadline to September 30, 2021 (ECF No. 49). At that time, the Court advised Schwab that "[i]f plaintiff fails to provide a signed authorization, then the Corizon defendants may request sanctions which may include dismissal of plaintiff's claims against them." Order at PageID.331. On May 27, 2021, Schwab filed a notice indicating

[1] Defendant Sherwood is named on the docket sheet as "Sheerwood".

that he had complied with the Court's order (ECF No. 50). Corizon Defendants did not receive the authorization. Their counsel wrote a letter to Schwab explaining that if the authorization was not received by June 10, 2021, they would file a motion to dismiss (ECF No. 52-1). The Corizon defendants did not receive a copy of the authorization and filed the present motion to dismiss this action as a discovery sanction.

To make a long story short, Schwab signed an authorization, but sent it to the wrong place, apparently the MDOC records department. *See* Schwab Response (ECF No. 53). In their reply brief, the Corizon defendants noted that this has caused a two-month delay in obtaining the medical records which they need to file a future motion for summary judgment and re-asserted their request to dismiss the lawsuit. Corizon Defendants' Reply (ECF No. 54). While the Corizon Defendants suggested that they might be prejudiced, they did not seek extensions of any deadlines and filed a timely motion for summary judgment on September 20, 2021 (*see* ECF No. 56).

Fed. R. Civ. P. 37(b)(2)(A)(v) provides that the Court may dismiss an "action or proceeding in whole or in part" when a party fails to obey an order to provide discovery.

> Rule 37(b)(2) provides that a district court may make any such order regarding the violation of a discovery order as is just. The choice of what sanction to impose is vested in the court's discretion. The court considers four factors in deciding whether to impose the drastic sanction of dismissal (against a plaintiff) or entering judgment (against a defendant): (1) evidence of willfulness or bad faith; (2) prejudice to the adversary; (3) whether the violating party had notice of the potential sanction; (4) whether less drastic sanctions have been imposed or ordered.

*Phillips v. Cohen*, 400 F.3d 388, 402 (6th Cir. 2005).

Here, the Corizon Defendants have not addressed the four factors. In support of their motion to dismiss, the Corizon Defendants presented a cursory argument that dismissal was appropriate because "Plaintiff was provided with an opportunity to fix the insufficiency of the release; however, he has not provided a corrected, executed release." Corizon Defendants' Brief

(ECF No. 52, PageID.347). After learning of plaintiff's error, the Corizon Defendants still sought dismissal because "[i]n multiple ways, Plaintiff refused to comply with the Court's order," and "[d]ismissal is an appropriate sanction." Corizon Defendants' Reply at PageID.355.

Under the circumstances of this case, it appears that Schwab complied with the Court's order to execute a medical authorization, but sent the authorization to the wrong place. The Corizon Defendants have not demonstrated any prejudice resulting from Schwab's error, and have not addressed whether his conduct was in bad faith or whether a lesser sanction could be imposed. While the Corizon Defendants alerted the Court to Schwab's partial compliance with the discovery order, they have not adequately briefed this motion which seeks the drastic sanction of dismissal. "It is not sufficient for a party to mention a possible argument in a most skeletal way, leaving the court to . . . put flesh on its bones." *McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997). Furthermore, as discussed, *supra*, there is no evidence that the Corizon Defendants were prejudiced by Schwab's actions. For these reasons, the Corizon Defendants' motion to dismiss should be denied and the Court should address the pending motions for summary judgment (ECF Nos. 56 and 60).

**II. Recommendation**

Accordingly, I respectfully recommend that the Corizon Defendants' motion to dismiss (ECF No. 52) be **DENIED**.

Dated: December 29, 2021

/s/ Ray Kent
United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report. All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).